WAYSIDE FARMS, INC., *v.* THE STATE OF OHIO ET AL.

(No. 73-9-1767—Decided March 14, 1977.)

Court of Common Pleas of Summit County.

*Mr. Andrew J. Michaels,* for plaintiff.
*Mr. Gary E. Brown,* for defendant.

REECE, J. This case was tried to the court without a jury. Issues contained in count I of the complaint have been settled by the parties. Also, the only remaining defendant is the Director of Health of the state of Ohio.

The single remaining issue to be decided in this case is: Does any person, firm, partnership, association or corporation licensed under R. C. Chapter 3721 to operate a nursing home have a legal right pursuant to R. C. 149.43 (Availability of Public Records) to see and inspect, as well as to learn the identity of the writer of, any letters of com-

14

plaint received by the Director of Health pertaining to that nursing home, its operation or the treatment of patients therein?

The plaintiff claims that any complaint letters received by the director against it are public records and therefore subject to inspection upon request. The defendant asserts that such letters of complaint are not public records, but, if found to be so, then they are not subject to inspection because they are not "required to be kept" according to the language of the statute.

Further, the defendant argues that such letters of complaint, together with the identity of the writers, should be held confidential in order to encourage the writing of such letters without fear of any retaliation against patients in the nursing home or their families. The defendant maintains that only by being able to promise anonymity can he encourage the receipt of complaints which are important in policing the conduct and activities of nursing homes pursuant to R. C. 3721.03.

This is a difficult, as well as important, question because it requires balancing the right of availability of public records against the need of a legal authority to encourage the free flow of information about nursing homes in order to prevent possible abuses.

There is some legislative guidance in this general area which should be reviewed. As recently as May 26, 1976, the effective date of new R. C. 3721.20 and 3721.21, the General Assembly dealt with nursing home legislation. In these statutes, a nursing home commission was established and given duties, powers and responsibilities. The most pertinent part is R. C. 3721.21(E), which gives the commission investigative powers and which concludes with the following language:

"* * * All papers, records, affidavits, and documents upon *any complaint*, inquiry, or investigation relating to the proceedings of the commission shall be sealed and are private and confidential." (Emphasis added.)

However, in an apparent effort to keep matters of the commission open to scrutiny, R. C. 3721.21(F) reads, in part:

"* * *" All reports of the commission shall be public documents disseminated statewide."

And R. C. 3721.21(F)(3) concludes, as follows:

"All hearings of the commission shall be public meetings under Section 121.22 of the Revised Code."

Thus, the Legislature, in these statutes dealing with nursing home matters and operations, has permitted some confidentiality with regard to complaints received while maintaining open hearings on actions or investigations undertaken and making reports or findings public records.

Another area of legislation which the court feels is significant is a comparison of R. C. 4751.04 with R. C. 3721.-03. Chapter 4751 deals with nursing home administrators and R. C. 4751.03 establishes within the Department of Health a Board of Examiners to license and regulate those administrators. R. C. 4751.04 defines the powers and duties of the Board of Examiners, with subsection (5) imposing these legal requirements:

"*Receive,* investigate and take appropriate action with respect to *any* charge or *complaint* filed with the board to the effect that any indivdual licensed as a nursing home administrator has failed to comply with Chapter 4751 of the Revised Code and the regulations adopted thereunder." (Emphasis added.)

Thus, the language of that statute *requires* the Board of Examiners to receive (and, therefore, keep) any complaints filed. In that instance the Legislature appears to have dealt with the question.

Chapter 3721 deals with nursing homes, their licensing by the Director of Health and the director's enforcement and revocation powers. These statutes are silent on the specific subject of complaints. Therefore, it would appear that the Legislature has not made it a legal requirement for the director to receive and keep complaints, such as in the case with the Board of Examiners for administrators.

R. C. 3721.03 sets forth the enforcement powers of the director and establishes the required legal process for license revocations. The due process language is as follows: "* * * In the event the director finds, *upon* hearing or opportunity afforded therefor, * * *" (Emphasis added.)

that the licensed operator of a nursing home is in violation of legal duties, the director may revoke the license. The statute provides for additional due process by permitting the person whose license is revoked to appeal in accordance with R. C. 119.01 to 119.13. The law of Ohio is such that the rights of nursing home operators are protected by a fair hearing process together with appeal procedure in the event that the director of health investigates and acts upon any complaints he may receive.

The evidence adduced at trial was that the Director of Health does not attempt any license revocations upon receipt of complaint letters only. The most that a complaint will trigger is an independent investigation by the director into the validity, or lack thereof, of any such complaint. It is only after an investigation that a possible revocation hearing is convened and at that time the operator is made aware of any alleged violations and is given the opportunity to defend against such allegations.

Accordingly, the court finds that complaints received by the Director of Health are not records required to be kept by him as a public official and, therefore, such matters are not subject to the provisions of R. C. 149.43.

There is a need for confidentiality of complaints and identity of the complainants against nursing home operations both to encourage such information to be given to the Director of Health as well as to protect against possible retaliation. On the other hand, the law as it now operates provides a fair hearing process for any accused operator. Therefore, the court finds that the scales are sufficiently balanced between the needs and the rights of both the Director of Health and nursing home operators and the public as well.

Judgment on this issue is hereby rendered in favor of the defendant, together with costs.

*Judgment for defendant.*